FILED
AUG 1 3 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ZONDRA JOHNSON, ▬▬.
4901 Dublin Drive
Suitland, MD 20746

          Plaintiffs,

v.

ADRIAN M. FENTY, MAYOR OF THE
DISTRICT OF COLUMBIA
John A. Wilson Building
1350 Pennsylvania Avenue, NW
Washington, DC 20004

          Defendant.

Served: Office of the Attorney General
John A. Wilson Building
1350 Pennsylvania Avenue, NW, Suite 409
Washington, DC 20004

Case: 1:07-cv-01457
Assigned To : Lamberth, Royce C.
Assign. Date : 8/13/2007
Description: General Civil

## CLASS COMPLAINT FOR
## DAMAGES AND DECLARATORY RELIEF

**NOW COMES** Plaintiff, Zondra Johnson, on behalf of herself and approximately 1,504 District of Columbia Public School employees, by and through undersigned counsel, and files this amended class complaint for damages and declaratory relief as follows:

### JURISDICTION AND VENUE

1. This action is authorized and instituted pursuant to 28 U.S.C. §1330; 42. U.S.C. §1983, hereinafter "1983"; and, declaratory relief is authorized by 28 U.S.C.§§2201 and 2202.

2. This Court has jurisdiction over the potential class parties pursuant to LCvR 23.1 and F.R.C.P. 23

1

## PARTIES

3. "Plaintiff" Zondra Johnson is the class representative of the potential class. Plaintiff is a United States' citizen and resides in the State of Maryland.

4. The potential class is defined as all current and former employees of Defendant's District of Columbia Public School who, similar to Plaintiff, are or where classified into non-union positions and performed comparable work for less pay than their similarly-situated union employees and employees from other sectors, such as the District of Columbia government, federal government and surrounding counties. The size of the potential class is approximately 1,504 employees.

5. "Defendant" Adrian M. Fenty, is the Mayor of the District of Columbia. In his official capacity as Mayor, Defendant governs the District of Columbia Public Schools.

6. District of Columbia Public Schools, hereinafter "DCPS" is as a separate cabinet-level agency, subordinate to the Mayor, within the executive branch of the District of Columbia government.

## STATEMENT OF FACTS

7. On August 23, 2004, Defendant hired Plaintiff into the position of Supervisor for Special Education, in the District of Columbia Public School's Office of Special Education Program Development.

8. One year from the effective date of Plaintiff's employment, she was informed that her position was non-union and that she was not entitled to an annual step increase.

9. Plaintiff's position is classified into the non-union pay grade of EG-14, Step 8[1]. Defendant arbitrarily classifies its Public School employees into either non-union pay grades or ET, a union pay grade.

10. Both of the Supervisor for Special Education positions are comparable in their duties and responsibilities and do not make any distinction between objectively measured factors such as qualifications, working conditions or level of difficulty.

11. The pay grades are not comparable in compensation and benefits because ET employees are paid significantly more than the non-union employees.

12. The following is a comparison between Plaintiff's salary and her ET counterpart:

|      | Plaintiff/EG-14(step 8) | Union-Counterpart/ET-7 (step 8) |
|------|-------------------------|----------------------------------|
| 2004 | $78,502                 | $85,586                          |
| 2005 | $78,502                 | $88,889                          |
| 2006 | $78,502                 | $88,889                          |
| 2007 | $81,490[2]              | $91,000-$95,000                  |

13. ET employees receive annual step increases; conversely, EG employees receive a step increase every three years.

14. ET employees are permitted to vest into Defendant's retirement and pension programs after completing three years' of employment; conversely, ET employees cannot vest into Defendant's retirement and pension programs until after completing five years' of employment.

15. Defendant has paid its other District of Columbia employees and union members five cost of living adjustments (COLA) since fiscal year 2000; conversely,

---

[1] The various pay grades are not clearly defined. See Title 5 DCMR 1102.3 (1994).
[2] Last April, Plaintiff and non-union employees received a 4% cost of living adjustment.

Defendant has only paid its non-union EG employees, one COLA since fiscal year 2000.

16. In 2006, Defendant's Board of Education retained HGM, Management and Technologies, Inc., (HGM) to study the impact of its pay disparity policy upon DCPS's 1,504 non-union employees.

17. HGM's final report concluded that the disparity in pay ranged between 22.2% and 31% in compensation levels in variance amongst non-union employees and other employment sectors for comparable and otherwise identical positions. The study also concluded that, "[e]mployees at the lower grades are more adversely affected impacting on DCPS's ability to attract qualified candidates in important areas such as Technology, Human Resources and Contracting."

18. Based upon HGM's findings, it recommended various options designed to create pay parity for the 1,504 non-union DCPS employees.

19. On January 17, 2007, during an assembly of the Board of Education, Defendant failed to adopt any of HGM's recommendations that would have created pay parity for the 1,504 non-union employees.

20. The Board of Education then proposed Resolution 07-28, (hereinafter, "Resolution"), titled "Pay Parity for D.C. Non-Union Employees," which acknowledged, "a considerable gap in salary structures will continue to exist between District of Columbia Public School employees and other employees of the D.C. Government."

21. The Resolution adopted paying non-union employees a COLA for one year, which has the effect of perpetuating pay disparity for the 1,504 non-union employees with other D.C. government employees.

22. DCPS's vacancy announcements do not inform applicants that compensation and benefits are directly related to their union or non-union classification. Additionally, the current classification system is outdated and DCPS needs to implement a uniformed personnel infrastructure that will compensate its employees in compliance with the laws of the District of Columbia.

23. Defendant enacted the "Pay Parity Act of 2006," that created pay parity for employees and supervisors outside of DCPS employment. DCPS is the only agency that subjects its employees to a discriminatory pay policy that denies competitive salaries and benefits for comparable work.

## CLASS ACTION ALLEGATIONS

24. This action is properly maintainable as a class under LCvR 23.1 and F.R.C.P. 23.

25. Plaintiff, class representative, brings this claim as a class action seeking relief from Defendant for all non-union employees whose positions are comparable to other employee positions within the District of Columbia and local and federal employment sectors for which the rate of pay has been historically higher.

26. The exact number of class members is unknown, but it is estimated that most of the approximately current 1,504 employees are subject to the arbitrary and capricious conduct of Defendant with respect to DCPS. There is also an undefined number of former employees injured by Defendant's conduct. The class is so numerous that joinder of individual members is impracticable.

27. Plaintiff's injuries arise from a set of facts and circumstances common to that of the class she seeks to represent and raises common questions of law.

28. These common questions of law and fact include, but are not limited to, whether the discriminatory pay policies and practices of DCPS result in denial of substantive Equal Protection under the law. Further, whether the actions of Defendant result in violation of the District of Columbia Bill of Rights and other aspects of District of Columbia law with respect to the denial of competitive compensation for comparable and equal work.

29. The claims of Plaintiff are typical of the claims of the class.

30. Plaintiff is able to, and will, fairly and adequately protect the interests of the class.

31. Attorneys for Plaintiff are experienced in employment rights, and in class action litigation, and will fairly and adequately represent the interests of the class.

32. This action is properly maintained as a class action because (a) the prosecution of separate actions by individual members of the class would create a risk of adjudications which would as a practicable matter be dispositive of the interests of the other members or would substantially impair or impede their ability to protect their interests, and/or (b) Defendant has continued to act or refuse to act on grounds generally applicable to the class, making final remedial and declaratory relief appropriate.

## CLAIM I
## VIOLATION OF 42 U.S.C. §1983 EQUAL PROTECTION CLAUSE

33. Plaintiff re-alleges Paragraphs 1 through 32, and incorporates them by reference herein.

34. Plaintiff avers that Defendant maintains a pay disparity policy that discriminates in compensation and benefits of its non-union employees.

35. Plaintiff avers that she was classified as a non-union Supervisor of Special Education, EG-14 at the time of her selection for employment with Defendant.

36. Plaintiff avers that there exists within the District of Columbia Public School system a similarly-situated union position, Supervisor of Special Education, ET-7.

37. Plaintiff alleges that Defendants' unilateral decision to classify Plaintiff's position as non-union was arbitrary and not at all related to the duties she performs, the location of those duties, her qualifications, difficulty of the work, hours of work or any other rational basis for this classification and therefore fails to advance a legitimate governmental interest for the practice of the pay disparity policy.

38. Plaintiff alleges that there is no significant difference between the duties, responsibilities, or other rational basis that distinguishes her non-union Supervisor of Special Education, EG position and the non-union Supervisor of Special Education, ET position.

39. Plaintiff alleges that the arbitrary classification of her position as non-union has resulted in her receiving substantially less pay than other employees although she performs comparable duties and responsibilities as her similarly-situated counterparts.

40. Plaintiff alleges that Defendant's discriminatory conduct towards its non-union employees is in accordance with its pay disparity policy.

41. Plaintiff has sustained economic as a direct result of Defendant's violation of rights afforded her by the Equal Protection Clause of the U.S. Constitution, including loss wages, costs and reasonable attorney fees.

## CLAIM II
## VIOLATION OF SECTION 21, EQUAL PAY OF THE DISTRICT OF COLUMBIA CODE, ARTICLE I, BILL OF RIGHTS

42. Plaintiff re-alleges Paragraphs 1 through 41, and incorporates them by reference herein.

43. Plaintiff avers that she had no discretion as to whether or not she could become a union member at the time of her selection for employment.

44. Plaintiff alleges as the Supervisor of Special Education, EG-14, she performs comparable duties and responsibilities as the union Supervisor of Special Education, ET-7.

45. Plaintiff alleges that she is being paid substantially less for the performance of equal work based solely upon her non-union status compared to other public and private sector employees.

46. Plaintiff alleges that she is precluded by Defendant from associating with the collective bargaining unit and enjoying all of its benefits such as competitive compensation, retirement vesting, increased cost of living adjustments, etc.

47. Plaintiff avers that Defendant's conduct is in violation of §21 Equal Pay of the Bill of Rights for the D.C. Code which states that, "All employees shall be guaranteed equal pay for equal work and equal pay for comparable work."

48. Plaintiff has sustained economic and non-economic damages as a direct result of Defendant's violation of her Equal Pay protections afforded her by the D.C. Code, Article I, Bill of Rights, including loss wages, costs and reasonable attorney fees.

### CLAIM III
### VIOLATION OF TITLE 5 DCMR SECTIONS 1100.1(a) & 1102.1

49. Plaintiff re-alleges Paragraphs 1 through 48, and incorporates them by reference herein.

50. Plaintiff alleges that Defendant fails to pay her competitive compensation for the performance of comparable duties and responsibilities without regards to qualifications, or the equality or difficulty of the work.

51. Plaintiff alleges that she should not be subjected to an arbitrary classification into a pay structure that does not pay her competitive compensation for the performance of her position, nor is Plaintiff's compensation comparable to other public or private employment sectors whom perform comparable duties and responsibilities

52. Plaintiff has sustained economic damages as a direct result of Defendant's violation of Title 5 DCMR §§ 1100.1(a) & 1102.1 (2001) and (1994), respectively, afforded to her as a DCPS employee including loss wages, costs and reasonable attorney fees.

## CLAIM IV
## DECLARATORY RELIEF FOR VIOLATION OF THE LAWS OF THE UNITED STATES AND THE DISTRICT OF COLUMBIA

53. Plaintiffs re-allege Paragraphs 1 through 52 and incorporate them by reference herein.

54. Plaintiff avers that an actual controversy has arisen and now exists between her, the potential class members of other non-union DCPS employees, and Defendant concerning their respective rights and duties in accordance with the laws of the United States and the District of Columbia.

55. Plaintiffs desire a judicial determination of their rights to receive comparable and competitive compensation for the performance of their duties and responsibilities as employees of DCPS.

56. Plaintiffs believe that a judicial declaration is necessary and appropriate at this time under the circumstances in order that they may ascertain pay parity and all rights they are entitled to under the law.

57. Plaintiffs are seeking a judicial declaration that Defendant's discriminatory policy of pay disparity deprives her and the potential class members of comparable compensation for the performance of comparable work and is a violation of their rights in accordance with the Fifth Amendment of the U.S. Constitution and laws of the District of Columbia.

58. Plaintiffs are seeking a judicial declaration that Defendant's outdated classification policies and practices deprive them of equal compensation for the performance of equal work.

59. That this Court should grant Plaintiff and the potential class members of current and former DCPS employees' declaratory relief and any further necessary and proper relief as set forth below, pursuant to SCR-Civil 57.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court grant her and the class members the following relief, namely:

(i) That this Court determine that the employment practices complained of in this Complaint are unlawful in that they violate the Equal Protection Clause of the United State's Constitution; Section 21 of the District of Columbia Code, Article I, Bill of Rights; and Title 5 DCMR §§ 1100.1(a) and 1102.1.

(ii) That Defendant pays Plaintiff as class representative loss wages in the sum of $50,000 for liquidated damages.

(iii) That Defendant pays Plaintiff's costs and expenses and reasonable attorney's fees as provided in connection with this action.

(iv) That this Court therefore grants the potential class members a group of current and former employees a sum of $100 million for loss wages, interests, costs and expenses and reasonable attorney fees and other liquidated damages.

Respectfully submitted on behalf of Plaintiff and the class members:

Dated: August 13, 2007

Nathaniel D. Johnson, Esq. (MD #14729)
Richard Lloyd Thompson, II, Esq. (D.C. #448816)
The Law Firm of Nathaniel D. Johnson, L.L.C.
3475 Leonardtown Road, Suite 200
Waldorf, MD 20602
301-645 – 9103/301-861-0411 (fax)

## I (a) PLAINTIFFS

Zondra Johnson

88888

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Nathaniel D. Johnson
The Lawfirm of Nathaniel D. Johnson
3475 Leonardtown Road, Suite 200
Waldorf, Maryland 20602
301 645-9103

## DEFENDANTS

Adrian M. Fenty, Mayor of the District of Columbia

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01457
Assigned To : Lamberth, Royce C.
Assign. Date : 8/13/2007
Description: General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
⊙ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. *Antitrust*
☐ 410 Antitrust

### ○ B. *Personal Injury/Malpractice*
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. *Administrative Agency Review*
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ⊙ E. *General Civil (Other)*     OR     ○ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Violation of the Equal Protection Clause and Declaratory Relief   28 USC 1330; 42 USC 1983

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 [X]   DEMAND $ 100,000,000   Check YES only if demanded in complaint   JURY DEMAND: YES ☐ NO [X]

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐ NO [X]   If yes, please complete related case form.

DATE August 13, 2007   SIGNATURE OF ATTORNEY OF RECORD [signature]

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.